### GRIMES v. UNITED BROTHERHOOD OF CARPENTERS, et al.

Circuit Court, Polk County, Civil Appeal.

May 29, 1952.

Clifton M. Kelly, Lakeland, for appellant.

Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee United Brotherhood of Carpenters and Joiners of America.

DON REGISTER, Circuit Judge.

This cause came on to be heard on appeal from an order of the full commission affirming a deputy commissioner's order.

The only dispute is as to whether the employer or insurance carrier—or the claimant himself—should be required to pay claimant's attorney a reasonable fee.

The deputy commissioner found that claimant's attorney was entitled to a reasonable fee for representing him and that $50 would be a reasonable fee, but that it should be paid by the claimant and not by the employer or carrier. The deputy commissioner recited in his order testimony of the claimant and his wife to the effect that in March 1950 and again about two months later they requested Mr. Slickis as claims representative of the carrier to pay certain additional compensation to which the carrier had decided claimant was entitled—and that upon each request in March 1950 and later Mr. Slickis told them he would look into the matter.

No favorable consideration of his claim for additional compensation was reported to the claimant until after his attorney, Mr. Kelly, filed a claim with the commission on December 11, 1950.

It appears from the record in this case that the claimant employed an attorney to represent him in collecting additional compensation at a time when the circumstances reasonably indicated to him that the employment of an attorney to represent him was necessary if he was to collect his claim. It further appears that the attorney rendered services in the matter which the deputy commissioner considered to be worth $50.

It is the finding of this court that the deputy commissioner did not properly apply the provisions of section 440.34, Florida Statutes 1951, to the facts and circumstances in this case.

It is therefore ordered that the deputy commissioner's order of May 22, 1951 and the full commission's order of September 28, 1951 affirming such order be, and the same are, reversed.

It is further ordered that the employer or its insurance carrier pay to the claimant for the use and benefit of his attorney the sum of $50 for his services in prosecuting the

claim before the deputy commissioner, and the further sum of $75 for his services before the full commission and upon appeal to this court.

It is further ordered that the employer or its insurance carrier pay to the claimant the sum of $59.18, the amount of the costs paid by him before the deputy commissioner, the full commission and this court.